## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

NETWORK MONITORING LLC,

      Plaintiff,

v.

MOMONDO A/S,

      Defendant.

Case No. 2:21-CV-00147-JRG

**JURY TRIAL DEMANDED**

## DEFENDANT MOMONDO A/S'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant, Momondo A/S ("Momondo"), submits its Answer and Counterclaims to Plaintiff, Network Monitoring LLC's, Complaint for Patent Infringement ("Complaint"). Except as otherwise admitted in this Answer, Momondo denies each and every allegation in the Complaint.

## THE PARTIES

1.     **Allegation:** Network Monitoring is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 100 West Houston Street, Marshall, Texas 75670.

**Answer:** Momondo is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

2.     **Allegation:** Upon information and belief, Momondo is a corporation organized and existing under the laws of Denmark, with its principal place of business located at Løvstræde 1, DK-1152 Copenhagen K, Denmark. Defendant may be served with process pursuant to the

provisions of the Hague Convention. Defendant may also be served with process by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701 as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute.

**Answer:** Momondo admits that it is a corporation organized and existing under the laws of Denmark, has a principal place of business located at Løvstræde 1, DK-1152 Copenhagen K, Denmark., and may be served with process pursuant to the provisions of the Hague Convention. Momondo denies the remaining allegations in this paragraph of the Complaint.

3.    **Allegation:** Defendant is a leading provider of online metasearch services for hotels and lodging throughout the United States. Upon information and belief, Defendant does business in Texas and in the Eastern District of Texas directly and through intermediaries.

**Answer:** Momondo admits that it is a provider of online metasearch services for hotels and lodging in the United States.  Momondo denies the remaining allegations in this paragraph of the Complaint.

## JURISDICTION

4.    **Allegation:** This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**Answer:**  This paragraph of the Complaint sets out a legal conclusion to which no response is necessary.  To the extent a response is required, Momondo admits that this Court has subject matter jurisdiction over actions arising under 28 U.S.C. §§ 1331 and 1338(a).  Momondo denies the remaining allegations in this paragraph of the Complaint.

5.    **Allegation:** This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts

of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

**Answer:** This paragraph of the Complaint sets out a legal conclusion to which no response is necessary.  To the extent a response is required, Momondo does not contest that this Court has personal jurisdiction over it for the purpose of this action only, but Momondo does not waive the right to contest personal jurisdiction in any other case or action in this District.  Momondo denies that it has committed any acts of infringement in this District or elsewhere.  Momondo denies the remaining allegations in this paragraph of the Complaint.

6.    **Allegation:** Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

**Answer:** This paragraph of the Complaint sets out a legal conclusion to which no response is necessary.   To the extent a response is required, Momondo denies the allegations in this paragraph of the Complaint.

7.    **Allegation:** For example, Defendant has done and continues to do business in Texas; Defendant has committed and continues to commit acts of patent infringement in the State of Texas, including making, using, offering to sell, and/or selling Accused Products in Texas, and/or importing Accused Products into Texas, including by providing infringing services over the internet, inducing others to commit acts of patent infringement in Texas, and/or committing at least a portion of any other infringements alleged herein; and Defendant regularly places its

products and services within the stream of commerce—directly, through subsidiaries, or through third parties— with the expectation and knowledge that such products, such as its websites, will be used in Texas and elsewhere in the United States. Accordingly, Defendant has established minimum contacts within Texas and purposefully availed itself of the benefits of Texas, and the exercise of personal jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

**Answer:** This paragraph of the Complaint sets out a legal conclusion to which no response is necessary.  To the extent a response is required, Momondo admits that it is a provider of online metasearch services for hotels and lodging in the United States, but specifically denies that its services commit any acts of patent infringement in Texas or elsewhere.  Momondo denies the remaining allegations in this paragraph of the Complaint.

8.    **Allegation:** For example, Defendant's website at www.Momondo.com is available to users in the United States and provides accused search and comparison services to users in the United States.

**Answer:**  Momondo admits that its website at www.momondo.com is available to users in the United States and provides search and comparison services to users in the United States. Momondo denies the remaining allegations in this paragraph of the Complaint.

9.    **Allegation:** For example, Defendant refers to a United States version of its website offered to customers in the United States. The Momondo United States website version provides search services specific to United States users, includes terms of service and a privacy policy specific to United States users. The Momondo United States website version is identified by an American flag emblem.

4

**Answer:**  Momondo admits that www.Momondo.com is offered to users in the United States.  Momondo denies the remaining allegations in this paragraph of the Complaint.

10.    **Allegation:** Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant does not reside in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

**Answer:**  This paragraph of the Complaint sets out a legal conclusion to which no response is necessary.  To the extent a response is required, Momondo admits it does not reside in the United States.  Momondo denies that it has committed any acts of infringement in this District or elsewhere.  Momondo denies the remaining allegations in this paragraph of the Complaint.

## PATENTS-IN-SUIT AND FACTUAL ALLEGATIONS

11.    **Allegation:** On June 16, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,058,416 (the "'416 Patent") entitled "System and Method for Detecting and Reporting Online Activity using Real-Time Content-Based Network Monitoring." A true and correct copy of the '416 Patent is available at http://patft.uspto.gov/netacgi/nphParser?Sect1=PTO2&Sect2=HITOFF&p=1&u=%2Fnetahtml%2FPTO%2Fsearchbool.html&r=1&f=G&l=50&co1=AND&d=PTXT&s1=9,058,416.PN.&OS=PN/9,058,416&RS =PN/9,058,416.

**Answer:**  Momondo admits that the link provided purportedly leads to the '416 Patent, which states on its face that it issued on June 16, 2015, and is entitled "System and method for detecting and reporting online activity using real-time content-based network monitoring." Momondo is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

12.    **Allegation:** On June 13, 2017, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,680,946 (the "'946 Patent") entitled "System and Method for

Detecting and Reporting Online Activity using Real-Time Content-Based Network Monitoring"
A true and correct copy of the '946 Patent is available at
http://patft.uspto.gov/netacgi/nphParser?Sect1=PTO2&Sect2=HITOFF&p=1&u=%2Fnetahtml%
2FPTO%2Fsearchbool.html&r=1&f=G&l=50&co1=AND&d=PTXT&s1=9,680,946.PN.&OS=P
N/9,680,946&RS =PN/9,680,946.

**Answer:** Momondo admits that the link provided purportedly leads to the '946 Patent, which states on its face that it issued on June 13, 2017, and is entitled "System and method for detecting and reporting online activity using real-time content-based network monitoring." Momondo is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

13.    **Allegation:** Plaintiff is the sole and exclusive owner of all right, title, and interest in the '416 Patent and '946 Patent (together, the "Asserted Patents"), and holds the exclusive right to take all actions necessary to enforce its rights to the Asserted Patents, including the filing of this patent infringement lawsuit. Plaintiff also has the right to recover all damages for past, present, and future infringement of the Asserted Patents and to seek injunctive relief as appropriate under the law.

**Answer:** Momondo is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

14.    **Allegation:** The inventions covered by the Asserted Patents were invented by Mr. Patrick Angeles. The Asserted Patents generally cover systems and methods that report online activity over public or private networks, such as the Internet, and more particularly to a system and method for capturing information from client-server transmissions over a plurality of clients

6

and one or more plurality of servers and detecting and reporting the occurrence of an event or transaction along with its associated attributes using real-time content-based data analysis and attribute extraction.

**Answer:**  Momondo is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

15.    **Allegation:** In one exemplary embodiment of the invention, an event tracking system ("ETS") tracks and reports a user's online activity across a number of clients and servers that employ a content-based event detection and data extraction mechanism to accurately detect events and extract related data from both static and dynamically generated pages. An embodiment of the system and method of the present invention makes use of a URL proxy agent to capture HTTP transmission records between a client and server for the purpose of reporting online activity. The URL-proxy works by rewriting URLs such that the original URL is encoded as part of the path of the proxy URL. The rewritten URL causes a request to be sent to a URL-proxy. The proxy then extracts the original URL from the path of the rewritten URL, sends a request to the original host. The invention thereby provides substantial advantages in tracking online activity by providing an easily deployed event tracking system that does not require different versions specific to browsers and operating systems and may capture transaction information across a plurality of web pages and/or web sites.

**Answer:**  Momondo is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

16.    **Allegation:** Defendant is in the business of providing hotel and travel search and comparison through its website at www.Momondo.com, and supporting backend computer systems including, but not limited to, a web server and a database (collectively the "Accused Infrastructures"). Defendant practices a method of capturing information about the activity of users that use its search and comparison services, including to monetize searches (e.g. to implement a cost-per-click model with booking platforms, hoteliers, and other providers, and/or to otherwise monetize user information).

**Answer:**  Momondo admits that it is a provider of online metasearch services for hotels and lodging through its website at www.momondo.com.   Momondo denies the remaining allegations in this paragraph of the Complaint.

17.    **Allegation:** The Accused Infrastructures provide a user browser with a web page containing a URL specifying both an address of a tracking system and information that specifies a URL on the web server. For example, after a user performs a travel search, the Accused Infrastructures presents the user with search results consisting of offers or "deals" from participating third-party Web Servers. Each offer is presented with a corresponding link encoded in a graphical button on a web page. Each offer link contains a URL appended with additional information relating specifically to the offer provided by a third-party Web Server and a destination URL on the third-party Web Server.

**Answer:**  Denied.

18.    **Allegation:** The Accused Infrastructures further determine a web server URL from a web page request upon receipt of a tracking request from a user browser. For example, when the user inputs and sends search values to the Accused Infrastructures via the browser, the Accused

Infrastructures receive the values and determines one or more search results comprising URLs to offers from third-party Web Servers based on the received values.

**Answer:**  Denied.

19.    **Allegation:** The Accused Infrastructures further identify, and extract captured information indicating that the user browser has requested the web server URL, the captured information stored within a database. For example, captured information may comprise: (a) input values for pre-selected categories and sub-categories, and/or (b) passive activity values resulting from browsing interactions internal or external to the Accused Infrastructures.

**Answer:**  Denied.

20.    **Allegation:** The Accused Infrastructures further form parameter data based upon predetermined selection parameters from the database. For example, parameter data may comprise: (a) input values for pre-determined selection categories and sub-categories explicitly defined on the face of the webpage, and/or (b) pre-determined categories defined in a database not explicitly displayed to the user and corresponding to passive activity resulting from browsing interactions internal or external to the Accused Infrastructures. On information and belief, Defendant receives user data and forms parameter values corresponding to pre-determined selections parameters defined in a database of the Accused Infrastructures, such as within a Momondo server and/or data center.

**Answer:**  Denied.

21.    **Allegation:** The Accused Infrastructures further encode an original URL as part of the tracking system URL path to construct at least one rewritten URL. For example, instead of directing a user directly to the third-party Web Server, the Accused Infrastructures encode an original third-party Web Server URL corresponding to an offer from the third-party Web Server

within a Momondo URL. After the user exchanges data, via the browser, with the metasearch engine of the Accused Infrastructures, the Accused Infrastructures provides the user with search results consisting of offers or "deals" from participating third-party Web Servers. Each offer is presented with a corresponding link encoded in a graphical button on a web page of the Accused Infrastructures. The offer link contains a Momondo URL appended with additional information relating specifically to the offer provided by the third-party Web Server and the destination URL on the third-party Web Server. The Web Server URL is provided based on the user activity on the Momondo page, such as selection of the offer on the Momondo page. User selection of each link corresponding to a flight offer, or "deal," results in the execution of a Momondo URL which results in a Momondo-side redirect to an offeror's website.

**Answer:**  Denied.

22.    **Allegation:**  The Accused Infrastructures further embed the rewritten URLs in the response such that a browser request to each of the rewritten URLs is sent to the tracking system. For example, the Accused Infrastructures append additional address information (corresponding to a Web Server offer URL) to a Momondo URL and places the rewritten URL within the response page presented to the Momondo user in the form of a user-selectable graphical image or button, such that selection of the user-selectable graphical image or button results in transmission of a request to the Accused Infrastructures.

**Answer:** Denied

23.    **Allegation:**  The Accused Infrastructures further cause the web page specified by the web server URL to be returned to the User browser. For example, the Accused Infrastructures provide a web server URL specifying a web page of an offeror (e.g. booking service or hotelier) when a user selects a link corresponding to an "offer" or "deal."

**Answer:**  Denied

24.    **Allegation:**  The Accused Infrastructures further provide a profiling and analysis of at least one session. For example, the Accused Infrastructures capture and track information from browser sessions and use the information in site profiling and analysis of those sessions

**Answer:**  Denied

25.    **Allegation:** Plaintiff has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Asserted Patents. On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287

**Answer:**  Momondo is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in this paragraph of the Complaint and therefore denies the same.

## COUNT I
### ([Purported] Infringement of the '416 Patent)

26.    **Allegation:**  Paragraphs 1 through 25 are incorporated herein by reference as if fully set forth in their entireties.

**Answer:**  Momondo repeats and incorporates by reference each of the answers in paragraphs 1 through 25 above as if fully set forth herein.

27.    **Allegation:** Plaintiff has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '416 Patent..

**Answer:**  Momondo admits that it has not taken a license directly from Plaintiff. Momondo denies that it has committed any acts of infringement in this District or elsewhere that would require a license or authorization from Plaintiff.  Momondo denies the remaining allegations in this paragraph of the Complaint.

28. **Allegation:** Defendant has directly infringed and continues to directly infringe the '416 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '416 Patent. Upon information and belief, these products include the Accused Infrastructures that practice the methods and systems covered by the '416 Patent including, for example, travel metasearch functionality implemented at the Accused Infrastructures associated with www.Momondo.com. These infrastructures infringe at least claim 1 of the '416 Patent.

**Answer:** Denied.

29. **Allegation:** Defendant has and continues to directly infringe at least claim 1 of the '416 Patent by making, using, offering to sell, selling, and/or importing into the United States infrastructures that implement a method of capturing on a computer programmed digital electrical tracking system information about activity of a user browser accessing a Web server, the method comprising: providing the user browser with a Web page containing a URL specifying both an address of the tracking system and information that specifies a URL on the Web server; upon receipt by the tracking system of a Web page request from the user browser, determining a Web server URL from the Web page request; identifying and extracting captured information indicating that the user browser has requested the Web server URL, the captured information being stored within a database; forming parameter data based upon pre-determined selection parameters from the database; encoding an original URL as part of the tracking system URL path to construct at least one rewritten URL; embedding the rewritten URLs in the response, such that a browser request to each of the rewritten embedded URLs is sent to the tracking system; and causing the Web page specified by the Web server URL to be returned to the user browser

**Answer:** Denied.

30.    **Allegation:** Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '416 Patent by knowingly and intentionally inducing others, including end users and service providers of the Accused Infrastructures, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology such as the Accused Infrastructures that practices the systems and methods covered by the '416 Patent

**Answer:** Denied.

31.    **Allegation:** Defendant, with knowledge that these products, or the use thereof, infringe the '416 Patent knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '416 Patent by providing these Accused Infrastructures to end users and/or service providers for use in an infringing manner.

**Answer:** Denied.

32.    **Allegation:** Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '416 Patent, while remaining willfully blind to the infringement.

**Answer:** Denied.

33.    **Allegation:** Plaintiff has suffered damages as a result of Defendant's direct and indirect infringement of the '416 Patent in an amount to be proved at trial.

**Answer:** Denied.

34.    **Allegation:**  Plaintiff has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '416 Patent for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court

**Answer:**  Denied.

## COUNT II
### ([Purported] Infringement of the '946 Patent)

35.    **Allegation:**  Paragraphs 1 through 25 are incorporated herein by reference as if fully set forth in their entireties.

**Answer:**  Momondo repeats and incorporates by reference each of the answers in paragraphs 1 through 34 above as if fully set forth herein.

36.    **Allegation:** Plaintiff has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '946 Patent.

**Answer:**    Momondo admits that it has not taken a license directly from Plaintiff. Momondo denies that it has committed any acts of infringement in this District or elsewhere that would require a license or authorization from Plaintiff.  Momondo denies the remaining allegations in this paragraph of the Complaint.

37.    **Allegation:** Defendant has directly infringed and continues to directly infringe the '946 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '946 Patent. Upon information and belief, these products include the Accused Infrastructures that practice the methods and systems covered by the '946 Patent, including, for example, travel metasearch functionality implemented at the Accused Infrastructures. These infrastructures infringe at least claim 1 of the '946 Patent.

14

**Answer:** Denied.

38.     **Allegation:** Defendant has and continues to directly infringe at least claim 1 of the '946 Patent by making, using, offering to sell, selling, and/or importing into the United States infrastructures that comprise a computer programmed digital electrical tracking system apparatus connected to a user browser and a Web server on the Internet, the apparatus adapted to: provide the user browser with a Web page containing a URL specifying both an address of the tracking system and information that specifies a URL on the Web server; upon receipt by the tracking system of a Web page request from the user browser, determine a Web server URL from the Web page request; identify and extract captured information indicating that the user browser has requested the Web server URL, the captured information stored within one or more databases; form parameter data based upon pre-determined selection parameters from the one or more databases; encode an original URL as part of the tracking system's URL path to construct at least one rewritten URL; embed the rewritten URLs in a response such that a browser request to each of the rewritten embedded URLs is sent to the tracking system; and cause the Web page specified by the Web server URL to be returned to the user browser; and provide profiling and analysis of at least one session.

**Answer:** Denied.

39.     **Allegation:** Defendant has indirectly infringed and continues to indirectly infringe one or more claims of the '946 Patent by knowingly and intentionally inducing others, including end users and service providers of the Accused Infrastructures, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as the Accused Infrastructure that practice the systems and methods covered by the '946 Patent

15

**Answer:** Denied.

40.    **Allegation:** Defendant, with knowledge that these products, or the use thereof, infringe the '946 Patent knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '946 Patent by providing these Accused Infrastructure to end users and/or service providers for use in an infringing manner.

**Answer:** Denied.

41.    **Allegation:** Defendant induced infringement by others, including end users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end users, infringe the '946 Patent, while remaining willfully blind to the infringement.

**Answer:** Denied.

42.    **Allegation:** Plaintiff has suffered damages as a result of Defendant's direct and indirect infringement of the '946 Patent in an amount to be proved at trial.

**Answer:** Denied.

43.    **Allegation:** Plaintiff has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '946 Patent for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

**Answer:** Denied.

## DEMAND FOR JURY TRIAL

Momondo admits that Plaintiff has demanded a trial by jury.

## PRAYER FOR RELIEF

Momondo denies that Plaintiff is entitled to any relief from Momondo, whether sought in the Prayer for Relief or otherwise.  Plaintiff's Prayer for Relief therefore should be denied in its entirety and with prejudice, and Plaintiff should take nothing from Momondo.

16

## DEFENSES AND AFFIRMATIVE DEFENSES

Momondo asserts the following defenses and affirmative defenses without assuming any burden of proof that rightfully should be placed on Plaintiff. Furthermore, Momondo repeats and incorporates by reference each of its answers in paragraphs 1 through 43, the Demand for Jury Trial, and the Prayer for Relief as set forth above with each of the following defenses as if fully set forth herein.

### FIRST DEFENSE

Plaintiff failed to plead its claims with sufficient specificity or factual support to place Momondo on notice of the claims Plaintiff is asserting against it, such that Plaintiff failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Momondo has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents, either directly or indirectly, either literally or under the doctrine of equivalents, because the Accused Infrastructures do not practice every claimed limitation.

### THIRD DEFENSE

The claims of the Asserted Patents are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103, 112, and 305.

### FOURTH DEFENSE

Plaintiff's claims against Momondo are barred, in whole or in part, by the doctrines of prosecution history estoppel and disclaimer, in particular based on statements or arguments made during prosecution of the relevant patent applications.

### FIFTH DEFENSE

17

Plaintiff's claims against Momondo are barred, in whole or in part, by 35 U.S.C. § 286. For the purposes of this defense, the relevant calculation period for damages—as prescribed by statute—cannot be more than six years prior to the filing of the Complaint for alleged infringement in this action before the Court in the Eastern District of Texas.

### SIXTH DEFENSE

Plaintiff's claims against Momondo are barred, in whole or in part, by 35 U.S.C. § 287, in particular for failure to comply with the marking statute.

### SEVENTH DEFENSE

Plaintiff's claims against Momondo are barred, in whole or in part, by 35 U.S.C. § 288.

### EIGHTH DEFENSE

Plaintiff's claims against Momondo are barred, in whole or in part by license, release, waiver, or exhaustion.

### NINTH DEFENSE

Momondo has not committed any acts of infringement, willful or otherwise, in this District or elsewhere, and the Asserted Patents are invalid, and Plaintiff cannot prove that it is entitled to enhanced damages or that this case is otherwise exceptional under 35 U.S.C. § 285.

### RIGHT TO AMEND ANSWER

Momondo reserves the right to amend its Answer to assert further defenses based on future discovery in this lawsuit.

### COUNTERCLAIMS FOR DECLARATORY JUDGMENT

Counterclaim-Plaintiff, Momondo A/S ("Momondo"), on personal knowledge as to its own acts, and on information and belief as to all others, alleges Counterclaims against Counterclaim-Defendant, Network Monitoring LLC, as follows:

## THE PARTIES

1.      Momondo is a corporation organized under the laws of Denmark with a place of business at Løvstræde 1, DK-1152 Copenhagen K, Denmark.

2.      According to the allegations in paragraph 1 of the Complaint, Counterclaim-Defendant Network Monitoring LLC ("Counterclaim-Defendant") is a corporation organized and existing under the laws of the State of Texas, with its principal place of business located at 100 West Houston Street, Marshall, Texas 75670.

## JURISDICTION AND VENUE

3.      These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

4.      This Court has subject matter jurisdiction over these Counterclaims under 28 U.S.C. §§ 1331, 1338, and 2201-02.

5.      This Court has personal jurisdiction over Counterclaim-Defendant at least because it consented to jurisdiction of this Court by filing this action against Momondo in this Court.

6.      Venue for these Counterclaims is proper in this District at least because Counterclaim-Defendant consented to the propriety of venue in this District by filing this action against Momondo in this Court.

## COUNTERCLAIM COUNT I

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,058,416

7.      Momondo incorporates and realleges paragraphs 1 through 43 of its Answer, each of its Defenses and Affirmative Defenses, and paragraphs 1 through 6 of its Counterclaims.

8.      As reflected in the Complaint and Momondo's Answer, an actual controversy exists with respect to the alleged infringement of the 9,058,416 Patent (the "'416 Patent").

9.    Although Counterclaim-Defendant alleges in its Complaint that Momondo infringes the claims of the '416 Patent, Momondo has denied these allegations and contends that Momondo has not infringed, and does not infringe, any valid and enforceable claim of the '416 Patent, directly, indirectly, literally, or under the doctrine of equivalents.  A justiciable controversy therefore exists between Counterclaim-Defendant and Momondo.

10.    By this Counterclaim, Momondo seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe the '416 Patent or any valid and enforceable claims thereof.

11.    A judicial determination of the respective rights of the parties with respect to the non-infringement of the claims of the '416 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM COUNT II

### Declaratory Judgment of Non-Infringement of U.S. Patent No. 9,680,946

12.    Momondo incorporates and realleges paragraphs 1 through 43 of its Answer, each of its Defenses and Affirmative Defenses, and paragraphs 1 through 11 of its Counterclaims.

13.    As reflected in the Complaint and Momondo's Answer, an actual controversy exists with respect to the alleged infringement of the 9,680,946 (the "'946 Patent").

14.    Although Counterclaim-Defendant alleges in its Complaint that Momondo infringes the claims of the '946 Patent, Momondo has denied these allegations and contends that Momondo has not infringed, and does not infringe, any valid and enforceable claim of the '946 Patent, directly, indirectly, literally, or under the doctrine of equivalents.  A justiciable controversy therefore exists between Counterclaim-Defendant and Momondo.

15.     By this Counterclaim, Momondo seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that it does not infringe the '946 Patent or any valid and enforceable claims thereof.

16.     A judicial determination of the respective rights of the parties with respect to the non-infringement of the claims of the '946 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

### COUNTERCLAIM COUNT III

**Declaratory Judgment of Invalidity of U.S. Patent No. 9,058,416**

17.     Momondo incorporates and realleges paragraphs 1 through 43 of its Answer, each of its Defenses and Affirmative Defenses, and paragraphs 1 through 16 of its Counterclaims.

18.     As reflected in the Complaint and Momondo's Answer, an actual controversy exists with respect to the alleged validity of the '416 Patent.

19.     Although Counterclaim-Defendant alleges in its Complaint that the '416 Patent is valid and was duly issued, Momondo has denied these allegations and contends that the '416 Patent is invalid because it fails to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 et seq., including, but not limited to, sections 101, 102, 103, and 112.  A justiciable controversy therefore exists between Counterclaim-Defendant and Momondo.

20.     By this Counterclaim, Momondo seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the '416 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

21.     The U.S. Patent and Trademark Office, when it examined the '416 Patent, was unaware of prior art that predates the filing of the '416 Patent, and the earliest application to which it claims priority, that discloses all of the elements and limitations of the claims.

22.    A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '416 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## COUNTERCLAIM COUNT IV

### Declaratory Judgment of Invalidity of U.S. Patent No. 9,680,946

23.    Momondo incorporates and realleges paragraphs 1 through 43 of its Answer, each of its Defenses and Affirmative Defenses, and paragraphs 1 through 22 of its Counterclaims.

24.    As reflected in the Complaint and Momondo's Answer, an actual controversy exists with respect to the alleged validity of the '946 Patent.

25.    Although Counterclaim-Defendant alleges in its Complaint that the '946 Patent is valid and was duly issued, Momondo has denied these allegations and contends that the '946 Patent is invalid because it fails to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 et seq., including, but not limited to, sections 101, 102, 103, and 112.  A justiciable controversy therefore exists between Counterclaim-Defendant and Momondo.

26.    By this Counterclaim, Momondo seeks a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the '946 Patent is invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

27.    The U.S. Patent and Trademark Office, when it examined the '946 Patent, was unaware of prior art that predates the filing of the '946 Patent, and the earliest application to which it claims priority, that discloses all of the elements and limitations of the claims.

28.    A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '946 Patent is now necessary and appropriate under 28 U.S.C. § 2201.

## DEMAND FOR JURY TRIAL

Momondo demands a trial by jury of all issues so triable in this action.

## **PRAYER FOR RELIEF**

Momondo prays for the following relief:

A.    That Counterclaim-Defendant's claims against Momondo be dismissed with prejudice and that Counterclaim-Defendant take nothing by way of its Complaint;

B.    That judgment be rendered in favor of Momondo;

C.    For a declaration that Momondo has not infringed any valid and enforceable claim of the '416 Patent, directly, indirectly, literally, or under the doctrine of equivalents;

D.    For a declaration that Momondo has not infringed any valid and enforceable claim of the '946 Patent, directly, indirectly, literally, or under the doctrine of equivalents;

E.    For a declaration that the claims of the '416 Patent are invalid;

F.    For a declaration that the claims of the '946 Patent are invalid;

G.    For an order finding this case exceptional under 35 U.S.C. § 285 in Momondo's favor and awarding Momondo its reasonable attorneys' fees and costs;

H.    That Momondo be awarded its costs incurred in this action; and

I.    For such other and further relief as this Court deems just and proper.


Dated: September 17, 2021                Respectfully submitted,

                                          */s/ Melissa R. Smith*
                                          Melissa R. Smith
                                          Texas Bar No. 24001351
                                          melissa@gillamsmithlaw.com
                                          Gillam & Smith LLP
                                          303 South Washington Ave.
                                          Marshall, Texas 75670
                                          T. (903) 934-8450
                                          F. (903) 934-9257

Elizabeth M. Chiaviello
Texas Bar No. 24088913
elizabeth.chiaviello@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street
Suite 3200
Dallas, TX 75201-7347
T. (214) 466-4000
F. (214) 466-4001

Julie Goldemberg*
Pennsylvania Bar No. 314339
julie.goldemberg@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
T. (215) 963-5000
F. (215) 963-5001

Jason White*
Illinois Bar No. 6238352
jason.white@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Dr.
Chicago, Il 60606
T. (312) 324-1000
F. (312) 324-1001

Melissa Story
Texas Bar No. 24116816
melissa.story@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana Street
Suite 4000
Houston, TX 77002-5005
T. (713) 890-5000
F. (713) 890-5001

*Admitted to practice

**ATTORNEYS FOR MOMONDO A/S**

24

## **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on September 17, 2021 a true and correct copy of the foregoing has been served via electronic mail in accordance with L.R. CV-5.

*/s/ Melissa R. Smith*
Melissa R. Smith